**United States District Court**
For the Northern District of California

1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| ) | Case Nos. 13-0360 SC |
| ) |            13-0984 SC |
| TRAVELERS CASUALTY INSURANCE ) | |
| COMPANY OF AMERICA and TRAVELERS ) | |
| INDEMNITY COMPANY OF ) | ORDER DENYING MOTION TO DISMISS |
| CONNECTICUT, ) | AND DENYING MOTION TO REMAND |
| ) | |
|         Plaintiffs, ) | |
| ) | |
|     v. ) | |
| ) | |
| AMERICAN HOME REALTY NETWORK, ) | |
| INC. and JONATHAN J. CARDELLA, ) | |
| ) | |
|         Defendants. ) | |
| ) | |
| AMERICAN HOME REALTY NETWORK, ) | |
| INC., ) | |
| ) | |
|         Plaintiff, ) | |
| ) | |
|     v. ) | |
| ) | |
| TRAVELERS CASUALTY INSURANCE ) | |
| COMPANY OF AMERICA and TRAVELERS ) | |
| INDEMNITY COMPANY OF ) | |
| CONNECTICUT, ) | |
| ) | |
|         Defendants. ) | |
| ) | |

25

26

27

28

**United States District Court**
For the Northern District of California

## I.   **INTRODUCTION**

The underlying actions in the above-captioned cases concern two disputes between the same parties.  The first dispute concerns whether Travelers Casualty Insurance Company of America and Travelers Indemnity Company of Connecticut (collectively "Travelers") may bring an action for declaratory relief and reimbursement against Defendants American Home Realty Network, Inc. ("AHRN") and AHRN's president Jonathan J. Cardella ("Cardella") (collectively "Defendants") based on duties to defend in two underlying insurance disputes.  The second dispute concerns a related case, American Home Realty Network, Inc. v. Travelers Casualty Insurance Co. of America, No. 13-0984 SC (N.D. Cal.) (the "Related Case"),[1] brought first in state court and then removed to this Court, in which AHRN seeks declaratory relief regarding Travelers' purported duty to defend in one of the aforementioned underlying insurance disputes.  Related Case ECF Nos. 1 ("Notice of Removal"), 12 ("Order Relating Case").

Now before the Court is Defendants' motion to dismiss Travelers' complaint for declaratory judgment and reimbursement, ECF Nos. 1 ("Compl."), 16 ("MTD"), and AHRN's motion to remand the Related Case, Related Case ECF No. 14 ("Mot. to Remand").  Both motions are fully briefed.  ECF Nos. 26 ("Opp'n to MTD"), 33 ("Reply ISO MTD"); Related Case ECF Nos. 19 ("Travelers Opp'n to

---

[1] For brevity's sake, future references to documents from the Related Case simply refer to its abbreviated name followed by the ECF number for that case's document, e.g., "Related Case ECF No. 1."  Citations to documents from the case involving AHRN's motion to dismiss use a reference to the ECF number alone.

Remand"), 23 ("AHRN's Reply ISO Remand").[2]  All of the motions are
appropriate for decision without oral argument, Civ. L.R. 7-1(b).
For the reasons explained below, the Court DENIES Defendants'
motion to dismiss Travelers' complaint and DENIES Defendants'
motion to remand the Related Case.


## II.    BACKGROUND & PROCEDURAL HISTORY

### A.    Background

The following facts are taken from Travelers' complaint and
the parties' requests for judicial notice.[3]  The two Travelers
plaintiffs are insurance corporations.  Compl. ¶¶ 3-4.  AHRN
obtained three general commercial insurance policies from
Travelers.  See id. ¶¶ 9-16.  One policy was issued to AHRN for the
policy period July 23, 2010 to July 23, 2011 (the "AHRN Policy").
Id. ¶ 9.  Two policies were issued to Neighborhubs LLC, which is
AHRN's corporate owner: one for the policy period March 20, 2011 to
March 20, 2012 and the other from March 20, 2012 to March 20, 2013
(collectively the "Neighborhubs Policies").  Id. ¶¶ 10-11.

The present dispute arises from two underlying actions.  On
March 28, 2012, Metropolitan Regional Information Systems, Inc.
("Metropolitan") sued AHRN and Cardella in the United States

---

[2] Travelers also moved for leave to file a sur-reply in support of
its oppositions to the motions to remand and dismiss filed in this
matter and the Related Case.  ECF No. 38.  AHRN did not object.
The Court DENIES this motion as moot because Travelers prevails in
this action.

[3] The Court GRANTS both parties' requests for judicial notice
because the documents in question -- insurance policies, case
filings, and so forth -- all are either incorporated by reference
or matters of public record.  ECF Nos. 15 ("Travelers RJN"), 17
("AHRN RJN ISO MTD"), 29 ("Travelers RJN ISO Opp'n"); Related Case
ECF Nos. 20 ("Travelers Remand RJN"), 24 ("AHRN Remand RJN").

**United States District Court**
For the Northern District of California

1   District Court for the District of Maryland (the "Metropolitan

2   Action," No. 8:12-cv-00954-AW).  In that action, Metropolitan

3   asserts claims against AHRN for direct, induced, and contributory

4   copyright infringement; false designation of origin; unfair

5   competition under the Lanham Act; conversion; unjust enrichment;

6   and, as to Cardella, vicarious copyright infringement.  Compl. ¶¶

7   17-24.  On April 18, 2012, Regional Multiple Listing Services of

8   Minnesota, Inc., d.b.a. NorthstarMLS ("Regional") sued AHRN in the

9   United States District Court for the District of Minnesota (the

10  "Regional Action," No. 0:12-cv-00965-JRT-FLN).  In that action,

11  Regional asserts claims against AHRN for copyright infringement.

12  Compl. ¶¶ 25-32.

13      Defendants assert that the three policies cover claims against

14  them in both the Metropolitan and Regional Actions.  See id. ¶¶ 33,

15  38.  On April 9, 2012, AHRN tendered the Metropolitan Action to

16  Travelers and requested defense and indemnity under the AHRN

17  Policy.  Id. ¶ 33.  On April 25, 2012, AHRN tendered the Regional

18  Action to Travelers, likewise requesting defense and indemnity in

19  that action.  Id. ¶ 38.

20      Travelers declined to provide a defense in the Regional

21  Action via an email dated May 8, 2012 and confirmed its declination

22  by phone on May 22, 2012, the same day it accepted defense of the

23  Metropolitan Action under a full reservation of rights.  Id. ¶ 33.

24  During the phone conversation about the Metropolitan Action,

25  Travelers also advised AHRN's general counsel that it would file a

26  complaint for declaratory relief regarding the duty to defend.  Id.

27  On that same day, Travelers filed an action for declaratory relief

28  in this Court as to both the Metropolitan and Regional Actions, and

4

1   for reimbursement as to the <u>Metropolitan</u> Action, all in reference

2   to the AHRN Policy. <u>See</u> AHRN RJN ISO MTD, Ex. 1 ("First Federal

3   Compl.").

4        Later, in a letter dated June 7, 2012, Travelers confirmed the

5   acceptance with full reservations of the <u>Metropolitan</u> Action.

6   Compl. ¶¶ 33-34.  On June 19, 2012, it memorialized its declination

7   to defend in the <u>Regional</u> Action in a letter to Defendants, <u>id.</u> ¶¶

8   38-39.

9        Sometime between June and September 2012, AHRN also requested

10  that Travelers defend and indemnify them in the <u>Metropolitan</u> and

11  <u>Regional</u> Actions under the Neighborhubs Policies, but Travelers

12  declined in a letter dated September 18, 2012.  <u>Id.</u> ¶¶ 35-36, 40.

13  On that same day, Travelers amended its complaint to request

14  declaratory relief and reimbursement for both the <u>Regional</u> and

15  <u>Metropolitan</u> Actions as to the Neighborhubs Policies as well as the

16  AHRN Policy.  <u>See</u> First Federal Compl. ¶¶ 32, 35.

17       **B.   <u>Procedural History</u>**

18       On October 5, 2012, AHRN moved to dismiss or alternatively to

19  stay Travelers' First Federal Complaint.  Travelers RJN ISO Opp'n

20  Ex. 5.  AHRN challenged the complaint partly on jurisdictional

21  grounds, contending that Travelers had failed to establish the

22  $75,000 amount-in-controversy requirement necessary for federal

23  courts to exercise subject matter jurisdiction in diversity cases.

24  <u>See id.</u> at 14.  This Court heard arguments on that motion on

25  January 16, 2013 and dismissed Travelers' action for lack of

26  subject matter jurisdiction on January 24, 2013.  <u>Travelers Cas.</u>

27  <u>Ins. Co. of Am. v. Am. Home Realty Network, Inc.</u>, No. C 12-2637

28  PJH, 2013 WL 271668, 2013 U.S. Dist. LEXIS 9797 (N.D. Cal. Jan. 24,

1   2013) ("Travelers I").  The Travelers I Court held that Travelers'

2   declaratory relief action, filed before Travelers notified AHRN of

3   the decisions to defend or decline the underlying actions, could

4   not satisfy the amount-in-controversy requirement because Travelers

5   had incurred no defense costs at the time the complaint was filed.

6   Id. at *4.

7        On the same day Travelers I was dismissed, AHRN filed a state

8   court declaratory relief action regarding Travelers' duty to defend

9   in the Regional Action.  AHRN RJN ISO MTD, Ex. 4.  On the following

10  day, January 25, 2013, Travelers filed the instant complaint in

11  federal court, seeking the same declaratory relief and

12  reimbursement as to the Regional and Metropolitan Actions that it

13  requested in the First Federal Complaint.

14       On March 4, 2013, Travelers agreed to defend AHRN in the

15  Regional Action under a reservation of rights.  See Related Case

16  ECF No. 22 (Decl. of Pam Matsufuji ISO Opp'n to Remand ("Matsufuji

17  Decl.")) ¶¶ 13, 14, Exs. 8, 9.  The parties still dispute whether

18  Travelers has a duty to defend for any period during the Regional

19  Action's litigation, and if so, what timeframe that duty would

20  cover.  See, e.g., Travelers Opp'n to Remand at 12-14.  Travelers

21  removed AHRN's state court declaratory relief action to federal

22  court on March 5, 2013.  Related Case Notice of Removal.  That case

23  was related to this one on March 18, 2013.  Related Case Order

24  Relating Case.

25       Now AHRN moves to dismiss Travelers' complaint for declaratory

26  relief and reimbursement, arguing as follows: (1) Travelers' claims

27  regarding the Regional Action should be dismissed for lack of

28  subject matter jurisdiction, and moreover, collateral estoppel

United States District Court
For the Northern District of California

1  prevents Travelers from rearguing the same matter after its

2  previous litigation and decision on the merits; (2) additionally or

3  alternatively, Travelers' complaint should be dismissed as to the

4  Regional Action because AHRN filed its own declaratory relief

5  action in state court before Travelers filed the instant action;

6  (3) additionally or alternatively, the Court should exercise its

7  discretion under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §

8  2201, and dismiss Travelers' claims as to either the Regional

9  Action alone or both underlying actions.[4]

10      Travelers opposes AHRN's motion to dismiss. It argues that

11  the Court has subject matter jurisdiction over the instant matter

12  because its defense costs will almost certainly exceed $75,000, and

13  that the Court should not decline to hear Travelers' actions for

14  declaratory relief. See generally Opp'n to MTD.

15      AHRN also seeks to remand the Related Case to state court,

16  arguing -- essentially as it does in its motion to dismiss -- that

17  (i) Travelers lacks removal jurisdiction because it fails to

18  satisfy the amount in controversy requirement, and (ii) the Court

19  should not exercise its discretion under the DJA and removal

20  jurisdiction to hear Travelers' declaratory relief claims. See

21  generally Related Case Mot. to Remand. Travelers opposes this

22  motion for the same reasons it does AHRN's motion to dismiss.

23  ///

24  ///

25  ///

26

27

28

---

[4] Defendants also argue that the Court should dismiss Travelers' complaint if Travelers does not maintain or follow through on steps to minimize prejudice to AHRN or Cardella in the underlying actions as a result of this litigation. Based on the parties' arguments, this dispute is not ripe. The Court declines to address it here.

**United States District Court**
For the Northern District of California

III.   <u>**LEGAL STANDARD**</u>

    A.   <u>**Motions to Dismiss**</u>

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The court's review is generally "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." <u>Metzler Inv. GMBH v. Corinthian Colls., Inc.</u>, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007)).

    B.   <u>**Declaratory Judgments**</u>

      Under the Declaratory Judgment Act, the Ninth Circuit applies a two-part test to determine whether jurisdiction over a claim for a declaratory relief is appropriate. <u>Principal Life Ins. Co. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005).  The court must first determine if an actual case or controversy exists within its

1  jurisdiction.  Id.  If so, the court must then decide whether to
2  exercise its jurisdiction.  Id.

3      District courts have "discretion in determining whether and
4  when to entertain an action under the Declaratory Judgment Act."
5  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  However,
6  "there is no presumption in favor of abstention in declaratory
7  actions generally, nor in insurance coverage cases specifically."
8  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.
9  1998).

10     "The district court's discretion to hear declaratory actions
11  over which it has jurisdiction is guided by the Supreme Court's
12  announcements in [Brillhart v. Excess Ins. Co., 316 U.S. 491
13  (1942)]."  Dizol, 394 F.3d at 672.  "The Brillhart factors are non-
14  exclusive and state that, '[1] the district court should avoid
15  needless determination of state law issues; [2] it should
16  discourage litigants from filing declaratory actions as a means of
17  forum shopping; and [3] it should avoid duplicative litigation.'"
18  Id. (quoting Dizol, 133 F.3d at 1225) (alterations in original).
19  "Essentially, the district court must balance concerns of judicial
20  administration, comity, and fairness to the litigants."
21  Id. (internal quotations omitted).  The Ninth Circuit has also
22  "noted additional and potentially relevant considerations,"
23  including "whether the declaratory action will serve a useful
24  purpose in clarifying the legal relations at issue" and "whether
25  the declaratory action is being sought merely for the purposes of
26  procedural fencing or to obtain a 'res judicata' advantage."  Id.
27  ///
28  ///

United States District Court
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1    IV.    **DISCUSSION**

2           A.    **Subject Matter Jurisdiction**

3           The parties do not dispute that the Court has subject matter

4    jurisdiction over claims related to the <u>Metropolitan</u> Action.

5    However, they disagree on whether the Court has subject matter over

6    claims related to the <u>Regional</u> Action.  Specifically, they dispute

7    whether the amount in controversy in that action exceeds the

8    $75,000 limit set by 28 U.S.C. § 1332(a).  Defendants claim that

9    the amount in controversy is either zero, since Travelers filed its

10   complaint before making a coverage decision, or that it is under

11   $75,000, since AHRN claims that its legal bills will go no higher.

12   <u>See</u> MTD at 10-11.  Travelers responds that because its complaint

13   alleges an amount in controversy in excess of $75,000, based on

14   projected defense costs for the entire <u>Regional</u> Action litigation -

15   - not just the relatively short period that AHRN claims is at

16   issue.  <u>See</u> Opp'n to MTD at 9-14.  AHRN responds by insisting that

17   its facts are correct and unchanging, and arguing that collateral

18   estoppel precludes this issue, since this Court already heard and

19   decided the parties' arguments on this issue in <u>Travelers I</u>.  Reply

20   ISO MTD at 2-6.

21          While the issues presented in <u>Travelers I</u>'s holding on the

22   motion to dismiss were similar to those presented on the same

23   motion here, the facts are not precisely the same, thereby making

24   it improper for the Court to apply collateral estoppel here.  Since

25   the conclusion of <u>Travelers I</u>, Travelers has assumed the defense of

26   the <u>Regional</u> Action, and the parties agree that AHRN has indeed

27   incurred substantial fees and costs in that action.  AHRN insists

28   the amount in controversy can be no more than $58,998.20, while

**United States District Court**
For the Northern District of California

1  Travelers says that costs incurred plus future costs will be at

2  least $76,000.  See, e.g., Opp'n to Remand at 12-14, Reply ISO

3  Remand at 7.  In the parties' briefs on AHRN's motion to dismiss,

4  the parties are not so precise on the numbers, but the arguments

5  are the same.  See Opp'n to MTD at 9-14; Reply ISO MTD at 2-6.  The

6  Court's findings on this issue take into account the facts and

7  arguments from both of the motions now before the Court, since both

8  motions argue essentially the same point.

9      Under 28 U.S.C. § 1332(a), diversity jurisdiction exists only

10  "where the matter in controversy exceeds the sum or value of

11  $75,000 exclusive of interest or costs."  To dismiss for lack of

12  this jurisdictional amount it must appear "to a legal certainty"

13  that the claim is really for less than the jurisdictional amount.

14  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89

15  (1938).  "A situation which typically meets the legal certainty

16  test occurs where a rule of law or measure of damages limits the

17  amount of damages recoverable."  Morris v. Hotel Riviera, Inc., 704

18  F.2d 1113, 1115 (9th Cir. 1983). The party seeking federal court

19  jurisdiction has the burden of proving that the amount in

20  controversy requirement is satisfied under the legal certainty

21  test.  Gibbs v. Buck, 307 U.S. 66, 72 (1939).  In a declaratory

22  relief action the amount in controversy "is not what might have

23  been recovered in money, but rather the value of the right to be

24  protected or the injury to be prevented."  Jackson v. Am. Bar

25  Ass'n, 538 F.2d 829, 831 (9th Cir. 1976).

26      The Court finds that Travelers has shown, based on its

27  pleadings, declarations, and arguments, that a duty to defend the

28  Regional Action would result in costs totaling more than $75,000 --

**United States District Court**
For the Northern District of California

this is the "injury to be prevented" under <u>Jackson</u>, 538 F.3d at
831.  <u>See</u> Opp'n to Remand at 11-14 (citing Matsufuji Decl. ¶¶ 15,
16, Ex. 10; Decl. of Nicholas Boos ISO Opp'n to Remand ¶ 10, Ex.
3).  The Court finds that Travelers has shown that a probability of
its costs exceeding the amount in controversy requirement exists,
even considering AHRN's insistence that the case will settle before
bills reach that limit or that the billing should be limited to a
timeframe in which billing could not reach $75,000.  <u>Id.</u>  Legal
bills exceeding $75,000 are likely because the parties dispute the
possibility of settlement, the litigation activity in the
underlying action has been substantial, and if Travelers is indeed
held to have a duty to defend that action its costs would be almost
certainly more than $75,000.  <u>Id.</u>; <u>see also</u> <u>Kessloff v. State Farm</u>
<u>Gen. Ins. Co.</u>, No. C-89-3330 SC, 1990 U.S. Dist. LEXIS 13571, at *3
(N.D. Cal. Mar. 26, 1990) (deciding a similar issue on a motion to
remand).  Given the disputes, the Court does not find it a "legal
certainty" that Travelers' claim is for less than the
jurisdictional amount.  <u>See</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566
(9th Cir. 1992).  This finding applies to both AHRN's motion to
dismiss and its motion to remand.

The Court accordingly declines to dismiss Travelers' claims
for declaratory relief as to the <u>Regional</u> Action.  The Court also
finds unconvincing AHRN's argument that the "first-to-file" rule
warrants dismissal of Travelers' <u>Regional</u>-related declaratory
relief claims because AHRN's state court action for declaratory
relief was filed first.  <u>See, e.g.</u>, Reply ISO MTD at 6-8.  That
rule might be found to apply when there are parallel state
proceedings on the same issues pending at the time the federal

United States District Court
For the Northern District of California

1  declaratory action was filed. <u>Dizol</u>, 133 F.3d at 1220-23.

2  However, the Court does not find that presumption warranted here

3  since the state court action has long since been removed and

4  related to the federal one.

5      **B.   Declaratory Judgment Actions**

6      As to Travelers' DJA claims regarding the <u>Regional</u> and

7  <u>Metropolitan</u> Actions, AHRN argues that the factors articulated in

8  <u>Dizol</u> and <u>Brillhart</u> caution against the Court's exercising

9  jurisdiction over those claims. For the reasons discussed below,

10 the Court finds otherwise and exercises its discretion under the

11 DJA to hear Travelers' claims for declaratory relief as to both

12 underlying actions.

13      **i.   State Law Issues**

14      "When parallel state proceedings involving the same issues and

15 parties [are] pending at the time the federal declaratory action is

16 filed, there is a presumption that the entire suit should be heard

17 in state court." <u>Am. Cas. Co. v. Krieger</u>, 181 F.3d 1113, 1118 (9th

18 Cir. 1999) (internal quotation omitted). A "needless decision of

19 state law" may involve: an ongoing parallel state proceeding

20 regarding the "precise state law issue," an area of law Congress

21 expressly left to the states, or a lawsuit with no compelling

22 federal interest (for instance, when a case is solely based on

23 diversity). <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371-

24 72 (9th Cir. 1991), <u>overruled in part on other grounds by</u> <u>Dizol</u>,

25 133 F.3d 1220. "However, there is no presumption in favor of

26 abstention in declaratory actions generally, nor in insurance cases

27 specifically." <u>Dizol</u>, 133 F.3d at 1226. Indeed, the district

28

13

**United States District Court**
For the Northern District of California

1   court is in the "best position to assess how judicial economy,

2   comity and federalism are affected in a given case." Id. at 1226.

3       Defendants argue that because the underlying issues in this

4   matter involve California insurance law, and state courts are best

5   situated to "identify and enforce the public policies that form the

6   foundation of such regulations," this factor favors dismissal. See

7   Reply ISO MTD at 9 (quoting Emp'rs Reinsurance Corp. v. Karussos,

8   65 F.3d 796, 799 (9th Cir. 1995)).  Travelers respond that federal

9   court practice in granting declaratory relief in insurance issues

10  belies this suggestion, and that in any event, whatever pending

11  state law claims were at issue in Defendants' state law declaratory

12  relief action are moot because Travelers has now removed that

13  action and related it to this case. See Opp'n to MTD at 19.

14      The Court finds that decision of Travelers' declaratory relief

15  claims will necessarily involve application of California insurance

16  law, and the only reason Travelers are in federal court is on

17  diversity grounds, suggesting that the federal interest in this

18  matter is at its nadir.  See Robsac, 947 F.2d at 1371.  However,

19  since the related state action has been removed and related, there

20  is no ongoing parallel state action, and so concerns about comity,

21  economy, and federalism are somewhat lessened.  See Dizol, 133 F.3d

22  at 1226.  The Court finds that this factor is neutral.

23          **ii.    Forum Shopping**

24      "This factor usually is understood to favor discouraging an

25  insurer from forum shopping, i.e., filing a federal court

26  declaratory action to see if it might fare better in federal court

27  at the same time the insurer is engaged in a state court action."

28  Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th

**United States District Court**
For the Northern District of California

1  Cir. 1999).  This concern is particularly pertinent in reactive or

2  defensive declaratory actions.  <u>Robsac</u>, 947 F.2d at 1371.

3       Defendants argue that Travelers is engaged in forum shopping

4  because it filed its action in federal court before issuing

5  coverage positions on the underlying actions, suggesting that

6  Travelers had planned its complaint in advance in order to secure a

7  favorable jurisdiction early.  <u>See</u> Reply ISO MTD at 9-10.

8  Travelers, in turn, asserts that it has every right to be in

9  federal court on jurisdictional grounds, that it informed

10 Defendants of its coverage positions before filing its federal

11 action, and that there has never been a parallel state action at

12 the same time Defendants have been in federal court.  <u>See</u> Opp'n to

13 MTD at 19-20.  Having considered these facts and the parties'

14 arguments on the issue, the Court finds no evidence suggesting that

15 Travelers is gaming the system by bringing its suit in this Court.

16      The Court finds that this factor favors the exercise of

17 jurisdiction over Travelers' declaratory relief claims.

18      **iii.**    **Duplicative Litigation**

19      The third <u>Brillhart</u> factor seeks to avoid duplicative

20 litigation.  "If there are parallel state court proceedings

21 involving the same issues and parties pending at the time the

22 federal declaratory action is filed, there is a presumption that

23 the entire suit should be heard in state court."  <u>Dizol</u>, 133 F.3d

24 at 1225.  "Ordinarily it would be uneconomical as well as vexatious

25 for a federal court to proceed in a declaratory judgment suit where

26 another suit is pending in a state court presenting the same

27 issues, not governed by federal law, between the same parties."

28 <u>Brillhart</u>, 316 U.S. at 495.  However, the pendency of a state court

**United States District Court**
For the Northern District of California

1  action does not require a district court to refuse federal

2  declaratory relief, but the federal courts should generally decline

3  to entertain reactive declaratory actions. <u>Dizol</u>, 133 F.3d at

4  1225.

5      The parties' arguments on this issue were mostly briefed

6  before Travelers had removed AHRN's state court action and related

7  it to this one. Those arguments are moot. Anticipating this

8  result, Defendants suggest that "even if the San Francisco Superior

9  Court complaint was removed, the existence of the pending <u>Regional</u>

10  and <u>Metropolitan</u> Actions favor dismissal." Reply ISO MTD at 10.

11  This argument is not compelling: the underlying actions concern,

12  among other things, copyright infringement and unfair competition,

13  not the duty to defend.

14      The Court finds that this factor favors the exercise of

15  jurisdiction over Travelers' declaratory relief claims.

16        **iv.**     <u>**Conclusion as to Declaratory Relief Claims**</u>

17      Based on consideration of the foregoing factors, the Court

18  concludes that practicality, equity, and judicial economy are best

19  served by exercising jurisdiction over Travelers' declaratory

20  relief claims. This will provide for speedier adjudication of the

21  parties' disputes, as opposed to splitting the actions piecemeal

22  and -- most likely -- seeing them return to federal court, or be

23  remanded to the state, in various positions of procedural disarray.

24  Moreover, deciding the declaratory action now would clarify the

25  parties' relations. Accordingly, Defendants' motion to dismiss as

26  to these claims is DENIED.

27  ///

28  ///

**United States District Court**
For the Northern District of California

1    C.   **AHRN's Motion to Remand**

2        AHRN moves to remand its own case for declaratory relief

3    against Travelers to state court, arguing that (1) the Court lacks

4    subject matter jurisdiction and (2) additionally or alternatively,

5    Travelers' removal was improper because the <u>Brillhart</u> and <u>Dizol</u>

6    factors weigh against the Court's exercising its jurisdiction.  <u>See</u>

7    Mot. to Remand at 6-13.  AHRN also asks for fees and costs because

8    it claims Travelers' removal was improper as a matter of law.  <u>Id.</u>

9    at 13-14.  The Court's analysis in Sections IV.A-B, <u>supra</u>, applies

10   to AHRN's two arguments because they are essentially the same in

11   both motions.  Accordingly, the Court DENIES AHRN's motion to

12   remand and DENIES AHRN's request for fees and costs associated with

13   that motion.

14

15   V.   **CONCLUSION**

16       For the reasons explained above, the Court DENIES Defendants

17   American Home Realty Network, Inc. and Jonathan J. Cardella's

18   motion to dismiss Travelers Casualty Insurance Company of America

19   and Travelers Indemnity Company of Connecticut's complaint in Case

20   No. 13-0360 SC.  The Court also DENIES AHRN's motion to remand in

21   Case No. 13-0984 SC.

22

23       IT IS SO ORDERED.

24

25   Dated: April 29, 2013          _____

26                                  UNITED STATES DISTRICT JUDGE

27

28

                                   17