UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE, | No. C-13-00360 SC (DMR) |
| Plaintiffs, | **ORDER ON JOINT DISCOVERY LETTER [DOCKET NO. 95]** |
| v. | |
| AMERICAN HOME REALTY, | |
| Defendants. | |

On February 28, 2014, Plaintiffs Travelers Casualty Insurance Company of America, et al. ("Travelers") and Defendants American Home Realty Network, Inc. and Jonathan Cardella ("AHRN") filed a joint discovery letter brief regarding their dispute over whether Defendants are obligated to provide substantive responses to Travelers' discovery and produce a witness for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). [Docket No. 95 (Joint Letter).] The court conducted a hearing on the matter on March 13, 2014. For the following reasons, as well as those stated at the hearing, the court grants Travelers' motion to compel Defendants to respond to discovery and produce a witness for deposition.

## I. Background

This insurance coverage action concerns, *inter alia*, whether and to what extent Travelers owes AHRN a duty to defend AHRN in three underlying copyright infringement actions, and whether Travelers is entitled to reimbursement of fees paid on AHRN's behalf. The three

underlying actions are currently pending in the District of Maryland (the "*Metropolitan* action"), the District of Minnesota (the "*Regional* action"), and the Middle District of North Carolina (the "*Preferred* action"). (Joint Letter 2.) On December 9, 2013, the court in the *Metropolitan* action issued a discovery plan and scheduling order ("discovery order"). The *Metropolitan* discovery order sets a deadline for each party to exchange discovery produced in this action and in the other two underlying actions, including documents; interrogatory responses; sworn testimony by employees, agents, and experts; and expert reports. (Joint Letter 3.)

The discovery deadline in this case is April 7, 2014, with dispositive motions due March 28, 2014. The court entered a protective order in July 2013 which, among other things, limits the use of confidential materials to this litigation. [Docket No. 74 (Protective Order).] On December 31, 2013, Travelers served AHRN with interrogatories, requests for production of documents (RFPs), and a Rule 30(b)(6) deposition notice. The parties agreed to continuances of the deposition and the deadlines to respond to the written discovery. On February 20, 2014, AHRN served objections to the discovery and declined to produce substantive responses on the grounds that the protective order in this case "is not providing any protection to AHRN," and therefore the production of information and documents would be "burdensome and highly prejudicial" to its defense in the *Metropolitan* action in light of the discovery order in that case. (Joint Letter 4.) Travelers now moves to compel AHRN to provide substantive responses to its discovery and to produce a 30(b)(6) witness.

On the same day the parties filed the instant joint letter, AHRN moved to stay this action arguing, among other things, that the coverage questions turn on facts to be litigated in the underlying actions, and that AHRN will be prejudiced by responding to discovery in this case. In the alternative, AHRN seeks a severance and stay of its counterclaims against Travelers, or a continuance of the trial date and related discovery and pretrial deadlines. [Docket No. 96 (Mot. to Stay).] AHRN subsequently moved to shorten time on its motion to stay. On March 12, 2014, the Honorable Samuel Conti, the presiding judge in this matter, granted the motion and set the hearing on the motion to stay for March 21, 2014. [Docket No. 107.] AHRN argues that the present dispute will become moot if Judge Conti stays this action.

## II. Discussion

AHRN contends that it should not be forced to respond to discovery in this case because if it does, it will have to comply with the *Metropolitan* discovery order and produce the same information and documents to the parties in the *Metropolitan* action. According to AHRN, the production of discovery materials from this case in the *Metropolitan* action will cause "real and identifiable" prejudice to AHRN.[1] (Joint Letter 8.) AHRN asserts that the protective order in this case will not provide any protections to AHRN.

The protective order in this case provides that "protected material," or any material designated as "confidential" or "highly confidential-attorneys' eyes only," may be used "in connection *with this case only* for prosecuting, defending, or attempting to settle this litigation." (Protective Order § 7.1 (emphasis added).) It also provides that if a party is served with a court order issued in litigation that compels disclosure of any protected material, the party designating the material as protected "bear[s] the burden and expense of seeking protection in that court of its confidential material." (Protective Order § 8.) The parties dispute whether and to what extent the *Metropolitan* court is aware of the protective order in this case. Travelers argues that AHRN has merely mentioned the protective order in passing but has not told the *Metropolitan* court that "its order is in direct odds with – and mandates that [AHRN] violate – Judge Conti's [protective order]." (Joint Letter 3.) AHRN states that it "[has] tried [] to mitigate the prejudicial impact of the [discovery order]" and that the *Metropolitan* court has not granted any relief, but did not specify the steps it has taken, such as moving for a protective order in that court. (Joint Letter 8.) At the hearing, AHRN's counsel stated that he believed that AHRN has raised the issue of the potential conflict between the two orders in a discovery letter brief to the *Metropolitan* court. However, AHRN has not moved for a protective order or for clarification or reconsideration of the discovery

---

[1] The documents and information Travelers seeks, which AHRN contends would prejudice AHRN if produced in the *Metropolitan* action, include correspondence between defense counsel and Travelers that discuss defense strategy, identify coverage disputes, and discuss disputed costs. According to AHRN, producing these documents in the *Metropolitan* action will provide the other parties with an analysis of the allegations against them and their counterclaims, as well as a roadmap of AHRN's defense strategy in the underlying actions. (Joint Letter 8.)

3

order in the *Metropolitan* action. Defense counsel admitted that there was nothing preventing Defendants from doing so.

AHRN's position is unsupportable. As noted, AHRN has not taken any concrete steps to seek protection from the *Metropolitan* court regarding information produced in this case. Instead, AHRN's position is that it should be allowed to unilaterally stay discovery (by refusing to respond to discovery) because another court has ordered the production of materials produced in this case. It offers no support for this position, and indeed, the protective order in this litigation does not support AHRN's position; rather, it undercuts it. The protective order places the burden on AHRN to seek protection of its confidential material by petitioning the *Metropolitan* court. It contemplates a two-step process whereby AHRN responds to discovery in this case and designates appropriate material as protected, then moves the *Metropolitan* court for protection of that material. AHRN's position that it would be required to produce protected materials in the *Metropolitan* action, regardless of the protective order in this case, appears to be based solely on *Metropolitan* counsel's assertion that it would be required to do so. (*See* Joint Letter 8.) This untested assertion is not adequate justification to delay discovery in this case.[2]

Travelers also notes that nothing in the *Metropolitan* discovery order prevents AHRN from shielding material produced in this action based on other objections, such as attorney-client privilege, work product protection, and privilege under California Civil Code section 2860. Specifically, AHRN is concerned about disclosure of communications between Travelers, AHRN, and AHRN's defense counsel regarding the underlying actions. However, under section 2860, when an insurer is defending under a reservation of rights, "[a]ny information disclosed by the insured or by independent counsel is not a waiver of the privilege as to any other party." Cal. Civ. Code § 2680(d); *see First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 163 F.R.D. 574, 584 (N.D. Cal. 1995) (holding that an insured did not waive attorney-client privilege if it shared with its insurer communications between the insured and its independent counsel "that were privileged at the time they were made," citing § 2680(d)). Therefore, the attorney-client privilege may protect

---

[2] AHRN raises other arguments in support of its request to stay this action. (*See* Joint Letter 7-8.) Such arguments are more appropriately directed to Judge Conti.

4

1  communications produced in this case from being produced in the *Metropolitan* action. AHRN
2  states that plaintiffs' counsel in the Metropolitan action "claim this privilege assertion is improper,"
3  (Joint Letter 8), but again, this is an untested assertion. If AHRN reasonably believes that certain
4  protected materials are protected from disclosure based on privilege, it may claim the privilege. If
5  plaintiffs' counsel in the *Metropolitan* action disputes the privilege, it may move to compel in the
6  *Metropolitan* court.

7  AHRN further contends that producing Defendant Cardella for deposition in this case would
8  prejudice AHRN because Travelers will "undoubtedly" ask him questions regarding "highly
9  confidential and proprietary business information" that it does not want revealed to competitors,
10 such as the plaintiffs in the underlying actions. (Joint Letter 9.) The parties dispute whether AHRN
11 has already offered such testimony in the *Regional* action (and produced it in the *Metropolitan*
12 action), thus negating any confidentiality concerns. (Joint Letter 9, 10.) However, in any event,
13 testimony AHRN designates as "confidential" or "highly confidential" will be subject to the
14 provisions of the protective order in this case, and thus protected from disclosure in other actions.

15 Accordingly, as AHRN has not established valid grounds to stay discovery in this action, the
16 court grants Travelers' motion to compel. However, if the presiding judge grants AHRN's motion
17 to stay the entire coverage action, set for hearing on March 21, 2014, this discovery dispute will be
18 moot. Therefore, the court sets the following schedule for the discovery at issue: AHRN
19 immediately shall begin to prepare responses to Travelers' written discovery. The parties shall also
20 meet and confer regarding a deposition schedule for the week of March 24, 2014 for AHRN's
21 30(b)(6) witness and any other witness(es) whom Travelers needs to depose for its dispositive
22 motion. If Judge Conti does not order a stay of the entire coverage action **by 9:00 a.m. on March**
23 **24, 2014**, AHRN must immediately serve its discovery responses on Travelers (i.e., at 9:01 a.m. on
24 March 24) and the parties shall proceed with their agreed-upon deposition schedule. If Judge Conti
25 does not grant a stay but continues the discovery and other deadlines in this case, the parties shall
26 meet and confer regarding a schedule by which AHRN must serve written discovery responses and
27 produce witnesses for deposition. Any further disputes regarding scheduling of this discovery shall
28 be presented to the undersigned in accordance with the court's Standing Order.

### III. Conclusion

For the foregoing reasons, Travelers' motion to compel AHRN to produce substantive responses to its RFPs and interrogatories and to produce a 30(b)(6) witness for deposition is GRANTED.

IT IS SO ORDERED.

Dated: March 17, 2014

DONNA M. RYU
United States Magistrate Judge

*IT IS SO ORDERED*
*Judge Donna M. Ryu*